IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **ALEX FUNES,** | : |
| **Plaintiff,** | : |
| | : Case No. 5:24-cv-00252-MTT-CHW |
| v. | : |
| **Warden ANTOINE CALDWELL,** *et al.* | : |
| | : Proceedings Under 42 U.S.C. § 1983 |
| **Defendants.** | : Before the U.S. Magistrate Judge |
| | : |

## ORDER

*Pro se* Plaintiff Alex Funes filed a motion requesting appointment of counsel (Doc. 15) in this case filed under 42 U.S.C. § 1982. No right to counsel exists in a civil case. *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. *Id.* In deciding whether legal counsel should be appointed, the Court considers, among other factors, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential factual allegations underlying his claims and the applicable legal doctrines are readily apparent. As such, Plaintiff's request for appointment of counsel (Doc. 15) is **DENIED**. Should it later become apparent that legal assistance is required to avoid prejudice to

---

1 The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. See <u>Mallard v. U.S. Dist. Ct. for Southern Dist. Of Iowa</u>, 490 U.S. 296 (1989).

Plaintiff's rights, then the Court, **on its own motion**, will consider assisting Plaintiff in securing legal counsel at that time.

Plaintiff has listed a number of documents and items that may be requested or needed to litigate this case. *See, e.g.*, (Doc. 15, p. 1-2). Plaintiff is advised that the discovery period began in this case on January 28, 2025, when Defendants filed their answer. *See* (Doc. 14). Any requests for discovery related to Defendant's claims should be directed to Defendants as provided by the Court's screening order (Doc. 7, p. 8-9) and the Federal Rules of Civil Procedure.

**SO ORDERED**, this 28th day of February, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge